Chief Judge Breitel (dissenting).
I dissent and vote to modify the order of the Appellate Division to dismiss the indictment against defendant Court. On his own testimony, the Grand Jury witness Tripodi, the only witness to testify against Court, was guilty of bribery, and therefore an accomplice. Since there was no corroboration of the accomplice testimony, the indictment should be dismissed.
The contention that Tripodi, an admitted policy operator, was the victim of larceny by extortion, and hence not guilty of bribery, is not acceptable. It is argued that Tripodi, who said he had been paying for police protection since the 1950’s, paid the police because he was in fear that the police would enforce the law. But anyone paying bribes to policemen for "protection” operates under that fear. Otherwise, there would be no reason to pay the bribe. More than fear is required to make a case of larceny by extortion.
What is required, at least, is some form of threat to take adverse action, including to enforce the law, if money is not paid. The threat may be a subtle one, as in People v Dioguardi (8 NY2d 260, 265-268), involving veiled threats to insure *819 continued ruinous labor picketing unless a payoff were made, but there must be a threat of some kind. In this case, there was none, or at least none indicated in the Grand Jury testimony.
About other police officer defendants, not involved on this appeal, there was testimony by other gamblers, some of it relating to threats made by the police. About Court, however, there was testimony only by Tripodi, and Tripodi never said he was threatened. In fact, he never testified about the substance of any conversations with Court at all, except in relation to an isolated incident, some time between May, 1968 and June, 1971, involving not the payoffs for police protection, but Tripodi’s failure to pay off on an alleged bet made by Court. This transaction within a three-year period occurred during a larger period in which he had been paying for police protection since the 1950’s. There is not, therefore, enough to establish larceny by extortion. Involved instead was a simple protection scheme—bribery, willfully paid. Tripodi, as a briber, was an accomplice of the bribe receiver and nothing more (CPL 60.22; see People v Mullens, 292 NY 408, 414). Corroboration of Tripodi’s testimony, therefore, was required to sustain the indictment, and corroboration there was not.
Corroboration rules, if they retain any usefulness, are most justified in cases like this one. Unco-operative, or no longer cooperative, police officers are especially susceptible to frame-ups by lawbreakers faced with prosecution. Permitting evasion of the corroboration rules by recourse to the theory that the policeman was extorting money from the gambler, even without any evidence of threats made by the officer, ignores the entire rationale for the corroboration rule.
Accordingly, I dissent, and vote to dismiss the indictment against defendant Court.
Order affirmed, etc.